UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARNULFO SOZA,                                          No. C 10-501 MHP (pr)

    Petitioner,                                         **ORDER TO SHOW CAUSE**

v.

R. GROUNDS, warden,

    Respondent.
                                              /

### INTRODUCTION

Arnulfo Soza, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

Soza states in his petition that he is serving a sentence of 17 years to life in prison as a result of a conviction in Ventura County Superior Court for second degree murder. His petition does not challenge his conviction but instead challenges a decision by Governor Schwarzenegger on June 12, 2009 to reverse the Board of Parole Hearings ("BPH") decision and to find him not suitable for parole. Soza reports that he filed an unsuccessful habeas petition in the California Supreme Court, before filing this action.

/ / /

/ / /

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner alleges in his petition that the Governor's decision violated his federal right to due process because it was not supported by sufficient evidence. Liberally construed, this claim is cognizable in a federal habeas action.

## CONCLUSION

For the foregoing reasons,

1. The petition's federal claim warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 1, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 5, 2010**. Petitioner's traverse, including any memorandum of points and authorities, may not exceed 20 pages in

length.

     5.    Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 29, 2010

                             Marilyn Hall Patel
                             United States District Judge