UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNULFO SOZA,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY,<br><br>    Respondent.<br>_____/ | No. C 09-2520 MHP (pr)<br><br>**ORDER OF DISMISSAL** |
| ARNULFO SOZA,<br><br>    Petitioner,<br><br>  v.<br><br>R. GROUNDS,<br><br>    Respondent.<br>_____/ | No. C 10-501 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

    Arnulfo Soza filed these pro se actions for writ of habeas corpus under 28 U.S.C. § 2254 to challenge decisions finding him not suitable for parole. In Case No. C 09-2520 MHP, he challenged a January 9, 2008 decision by the Board of Parole Hearings that found him not suitable for parole. In Case No. C 10-501 MHP, he challenged a June 12, 2009 decision by California Governor Schwarzenegger that found him not suitable for parole. In each case, he contended that his right to due process was violated because the evidence was insufficient to support the decision that he was unsuitable for parole. Although Soza was in prison when he filed each of the petitions, he was released from prison on June 17, 2010, and placed on parole. He has not filed a notice of change of address in the five months

since his release from prison.  Respondent has moved to dismiss each action as moot.  For the reasons discussed below, the actions will be dismissed as moot.

## DISCUSSION

A federal district court reviewing a California parole decision "must determine 'whether the California judicial decision approving the governor's [or the Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" Hayward v. Marshall, 603 F.3d 546, 562-63 (9th Cir. 2010) (en banc) (quoting 28 U.S.C. § 2254(d)(1)-(2)).  That requirement was summarized in Hayward as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.'  There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.'

Id. at 562 (quoting In re Lawrence, 44 Cal. 4th 1181, 1205 (Cal. 2008);

A Ninth Circuit case released in early July 2010 stated that the remedy available to a successful parole habeas applicant was not limited to another hearing and could include an order for his release from custody.  Pirtle v. California Board of Prison Terms, 611 F.3d 1015, 1025 (9th Cir. 2010).  The law then changed.  A couple of weeks after Pirtle was issued, the California Supreme Court decided that the power to grant and revoke parole is vested in the state executive branch rather than the judicial branch.  See In re Prather, 234 P.3d 541 (Cal. 2010).  "Prather determined that prisoners whose parole denials were not based on 'some evidence' of current dangerousness are entitled under state law only to a new parole-suitability decision by the state executive, and not to release from custody or a judicial parole determination."  Haggard v. Curry, No. 10-16819, slip op. 1, 10 (9th Cir. Oct. 12, 2010).  Although Haggard's discussion was in the context of ruling on a motion to stay an order releasing the prisoner pending appeal of his successful habeas petition, the issue resolved was germane to the eventual resolution of the case and is a holding that binds this court.  See United States v. Johnson, 256 F.3d 895, 914 (9th Cir. 2001).   Haggard further

1 explained why <u>Pirtle</u> was no longer good authority on the power to order a petitioner's
2 release from prison:

> <u>Prather</u> thus represents a further refinement by the California Supreme Court of the scope of state prisoners' liberty interest in parole. Because <u>Prather</u> clarifies that a California prisoner's "right of personal liberty," <u>Pirtle</u>, 611 F.3d at 1025, does not encompass the right to release on parole if the parole denial was not based on "some evidence" of current dangerousness, <u>Prather</u> corrects our prior implicit assumption that a federal habeas court could enforce California's state-created liberty interest by ordering the release of the prisoner.

7 <u>Haggard</u>, slip op. at 10. The importance of <u>Haggard</u> to the present disputes is that it leads to
8 the conclusion that the disputes have become moot.

9       Article III, § 2, of the Constitution requires the existence of a "case" or "controversy"
10 through all stages of federal judicial proceedings. This means that, throughout the litigation,
11 the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the
12 defendant and likely to be redressed by a favorable judicial decision." <u>Lewis v. Continental
13 Bank Corp.</u>, 494 U.S. 472, 477 (1990). Petitions challenging criminal convictions usually do
14 not become moot upon a petitioner's release from custody because collateral consequences
15 are presumed to flow from criminal convictions. See <u>Spencer v. Kemna</u>, 523 U.S. 1, 8-12
16 (1998). The same rule does not apply to a challenge to a denial of parole, as is the case here.
17 <u>Cf. id.</u> at 13 (presumption of collateral consequences does not extend to parole revocations).
18 Soza's release from prison makes his habeas petitions seeking such release moot. See
19 <u>Burnett v. Lampert</u>, 432 F.3d 996, 999-1000 (9th Cir. 2005); <u>Fendler v. United States Bureau
20 of Prisons</u>, 846 F.2d 550, 555 (9th Cir. 1988). There do not appear to be any collateral
21 consequences that keep these actions from being considered moot. If Soza were to succeed
22 in his legal claim, <u>Haggard</u> limits his remedy "to a redetermination" by the BPH or Governor
23 "consistent with the state's 'some evidence' requirement, not the release on parole." <u>Id.</u> at
24 11. He already has had such a redetermination and has fared as well as he could if this court
25 ordered another hearing or ordered the Governor to consider his case again.

26       An exception to the mootness doctrine exists where a claim is "capable of repetition
27 yet evading review." <u>Hubbart v. Knapp</u>, 379 F.3d 773, 776 (9th Cir. 2004). This exception
28

3

is present where two elements combine: (1) the challenged action is of limited duration, too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again.  Id. Whatever may be said with regard to parole-denial habeas petitioners who remain in prison, it can be said with confidence that the allegedly defective parole suitability hearing is not capable of repetition for a petitioner who has been found suitable for parole and has been released from custody.   The petition in each of these two actions is now moot.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (docket # 7) in Case No. C 09-2520 MHP is GRANTED, and respondent's motion to dismiss (docket # 7) in Case No. C 10-501 MHP is GRANTED.   The petitions for writ of habeas corpus under 28 U.S.C. § 2254 are dismissed as moot.

The clerk shall enter judgment and close the each case file.

IT IS SO ORDERED.

DATED: November 19 2010

Marilyn Hall Patel
United States District Judge

4